# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| SARA VALERIA VELASQUEZ-GOMEZ, | : | |
| | : | Civil Action No. 25-17327 (BRM) |
| Petitioner, | : | |
| | : | |
| v. | : | **ORDER TO ANSWER** |
| | : | |
| LUIS SOTO, et al., | : | |
| | : | |
| Respondents. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Sara Valeria Velasquez-Gomez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner has paid the $5.00 filing fee. In accordance with Rule 4 of the Rules Governing Section 2254 Cases, which is applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has screened the Petition for dismissal and determined that dismissal without an answer and the record is not warranted.

Petitioner requests an Order to Show Cause ("OTSC"), under 28 U.S.C. § 2243. (ECF No. 2.) Section 2243 states that "the writ . . . shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." Multiple courts in this District have found that Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rules"), provides the Court with more flexible time limits for ordering an answer and supersedes the time limits of 28 U.S.C. § 2243 to the extent there is a conflict.[1] *See Iremashvili*

---

[1] Federal procedural rules, which are promulgated by the U.S. Supreme Court and approved by Congress, have the force of statute. *See* 28 U.S.C. § 2072; *Sempier v. Johnson & Higgins*, 45 F.3d 724, 736 (3d Cir. 1995); *United States v. Christian*, 660 F.2d 892, 899 (3d Cir. 1981). Indeed, § 2072 explicitly states that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). And "[w]here a

*v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *2 (D.N.J. Mar. 9, 2017); *Capozzi v. Fed. Bureau of Prisons*, No. 21-19533, 2021 WL 5881587, at *1 (D.N.J. Dec. 13, 2021); *Schumaker v. Knight*, 23-20834, 2024 WL 866347, at *1 (D.N.J. Feb. 29, 2024). The Court agrees and denies Petitioner's request for an OTSC under § 2243, as directs Respondents to answer the Petition pursuant to its authority under the Habeas Rules.

In addition to requesting expedited consideration, the OTSC seeks to enjoin Petitioner's transfer out of New Jersey during the pendency of this case. (*See* ECF No. 2 at 4.) In her Petition, Petitioner submits that she is presently detained at Delaney Hall Detention Center in Newark, New Jersey. (ECF No. 1 at 2.) Pursuant to this Court's authority under the All Writs Act, 28 U.S.C. § 1651, Petitioner shall not be transferred from her current facility in New Jersey during the pendency of this habeas corpus proceeding.

Accordingly

**IT IS**, on this 12th day of November 2025,

**ORDERED** the Clerk of the Court shall serve a copy of the Petition, (ECF No. 1), and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** the Clerk of the Court shall forward a copy of the Petition, (ECF No. 1), and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** the Request for an OTSC (ECF No. 2) is **GRANTED in part**; <u>**pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651, Respondents are**</u>

---

Rule of Civil Procedure conflicts with a prior statute, the Rule prevails." *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 589 n.5 (1947).

**TEMPORARILY ENJOINED from transferring Petitioner from her current detention facility in New Jersey during the pendency of this action; this Order shall remain in effect pending further Order of the Court**; and it is further

**ORDERED** the request for an OTSC (ECF No. 2) is otherwise **DENIED without prejudice**; and it is further

**ORDERED** within fourteen (14) days of the date of the entry of this Order, Respondents shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition paragraph by paragraph; and it is further

**ORDERED** the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243; and it is further

**ORDERED** Respondents shall raise by way of the answer any appropriate defenses which Respondents wish to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** Petitioner may file and serve a reply in support of the Petition within seven (7) days after the answer is filing; and it is further

**ORDERED** within seven (7) days of Petitioner's release, be it transfer to supervised release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court.

**ORDERED** the Clerk of the Court shall serve a copy of the Order upon the parties electronically.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE