UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAR VALERIA VELASQUEZ-GOMEZ, | |
| Petitioner, | Civil Action No. 25-17327 (BRM) |
| v. | **MEMORANDUM AND ORDER** |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**THIS MATTER** is before the Court on Petitioner Sar Valeria Velasquez-Gomez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging her detention by immigration authorities without an individualized bond hearing (ECF No. 1) and Motion to Compel the Return of Petitioner to New Jersey (ECF No. 5). The Court held a teleconference regarding Petitioner's Petition and Motion to Compel Return on November 21, 2025, at 10:00 a.m.

On November 10, 2022, Petitioner entered the United States through the U.S.-Mexico border at the age of fifteen with her mother and other relatives.[1] (ECF No. 1 at 2.) Petitioner and her family members presented themselves to a Border Patrol Officer to request asylum. (*Id.* at 7.) Petitioner was detained for two days. (*Id.*) On November 12, 2022, Petitioner was released pursuant to Department of Homeland Security's ("DHS") discretionary authority, and her mother received an "Order of Release on Recognizance which stated 'In accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal

---

[1] During the Court's telephone conference Respondents did not dispute the factual allegations presented in the Petition.

Regulations, you are being released on your own recognizances.'" (*Id.* at 8.) Petitioner's mother timely applied for asylum in 2024, listing Petitioner as a derivative asylee. (*Id.*) Based on her pending asylum application, Petitioner received an employment authorization document. (*Id.*) The request for asylum remains pending before the United States Citizenship and Immigration Services ("USCIS").

Years after her entry into the United States, on October 29, 2025, while at work, Petitioner was arrested by Immigration Customs and Enforcement ("ICE") agents in Woodbridge, New Jersey. (*Id.* at 9.) Petitioner was initially detained at Delaney Hall, in Newark, New Jersey. (*Id.*) Following Petitioner's arrest and detention by ICE, she has not been afforded an individualized bond hearing because she is being held in mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.* at 29.)

On November 12, 2025, the Court ordered Respondents to file an answer and enjoined Respondents from transferring Petitioner from the New Jersey detention facility. (ECF No. 3.) On November 19, 2025, Petitioner filed a Motion to Compel her Return to New Jersey, submitting that prior to the Court's November 12, 2025, Petitioner had already been transferred from Delaney Hall to the Port Isabel Processing Center in Los Fresnos, Texas, then to Mahoning County Jail in Youngstown, Ohio, and then finally to North Lake Processing Center in Baldwin, Michigan. (*See generally* ECF No. 5-1.) On November 20, 2025, the Court Ordered the parties to appear for a teleconference to confirm Petitioner's current detention location and to address the statutory authority under which Respondents were detaining her. (ECF No. 6.)

Among other arguments, the Petition contends Petitioner is unlawfully detained under 8 U.S.C. § 1225(b)(2) without a bond hearing. (ECF No. 1.) During the teleconference, Respondents asserted the same position they have in many other similar cases in this District, including the

position they took before this Court in the recent matter *Sandhu v. Tsoukaris*, No. 25-14607 (BRM). In *Sandhu*, Respondents argued DHS has implemented a new policy interpreting INA § 235, 8 U.S.C. § 1225(b)(2)(A), to require mandatory detention of noncitizens who entered the United States without admission or inspection and to render them ineligible for release on bond, a position that the Board of Immigration Appeals recently adopted in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). During the teleconference, Respondents also acknowledged that Petitioner's Petition asserts the same salient facts as the petition in *Sandhu*.

In *Sandhu*, this Court rejected *Hurtado's* interpretation of 8 U.S.C. § 1225(b)(2). *Sandhu*, No. 25-14607 (ECF Nos. 7, 8). In a factually similar situation, the Court held that Sandhu was unlawfully held in mandatory detention under § 1225(b)(2) and need to be treated as being held the discretionary authority of 8 U.S.C. § 1226(a).

In *Sandhu*, this Court explained the following:

> The issue of whether Petitioner is properly detained under § 1225(b) or § 1226(a) is similar to that of many cases in this District and around the country. "The line historically drawn between these two sections . . . is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, No. 25-cv-11613, 2025 WL 2084238, at *8 (D. Mass. July 24, 2025) (citing *Jennings*, 583 U.S. at 288–89); *see also Lopez-Campos v. Raycraft*, 2025 WL 2496379, at *8 (E.D. Mich. Aug. 29, 2025) ("There can be no genuine dispute that Section 1226(a), and not Section 1225(b)(2)(A), applies to a noncitizen who has resided in this country for over twenty-six years and was already within the United States when apprehended and arrested during a traffic stop, and not upon arrival at the border.").
>
> . . .
>
> For nearly 30 years, § 1225 has applied to noncitizens who are either seeking entry to the United States or have a close nexus to the border, and § 1226 has applied to those aliens arrested within the interior of the United States. The Supreme Court in *Jennings* explicitly adopted this distinction, describing § 1225 as the detention statute for noncitizens affirmatively "seeking admission" into the United States, and § 1226 as the detention

statute for noncitizens who are "already in the country." [*Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)]. And although the *Jennings* Court characterizes § 1225(b)(2) as the "catchall" detention provision for noncitizens who are "seeking admission," it identifies § 1226(a) as the "default rule" for the arrest, detention, and release of non-criminal aliens who are already present in the United States. *Id.* at 303.

The vast majority of courts confronting this precise issue have rejected Respondents' interpretation, as well as the BIA's interpretation in *Hurtado*, as contradictory to the plain text of § 1225.[2] *See, e.g.*, *Soto* [*v. Soto, et al.*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025)] (finding that § 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, "seeking admission" to the United States and not petitioners who have been residing in the United States); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947 at * 6 (D. Minn. Oct. 1, 2025) (noting that "the government's proposed interpretation of § 1225(b) [is] at odds with the context and structure of the provisions governing detention of noncitizens who are arriving at the border and those who are already present in the country"); *Zumba*, 2025 WL 2753496 at * 3 (noting that "up until July 8 the predominant form of detention authority for petitioner and other noncitizens arrested in the interior of the United States was § 1226(a)"); *Salazar v. Dedos*, No. 25-cv-835, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); *Lepe v. Andrews*, No. 25-cv-01163, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Roman v. Noem*, No. 25-cv-01684, 2025 WL 2710211 (D. Nev. Sept. 23, 2025); *Giron Reyes v. Lyons*, No. 25-cv-4048, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025); *Singh v. Lewis*, No. 25-cv-0096, 2025 WL 2699219 (W.D. Ky. Sept. 22, 2025); *Barrera v. Tindall*, No. 25-cv-541, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Hasan v. Crawford*, No. 25-cv-1408, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025); *Vazquez v. Feeley*, No. 2:25–cv–01542, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); [collecting additional cases].

*Sandu*, No. 25-14607 (ECF No. 7 at 7–11).

Based on this Court's statutory interpretation in *Sandhu*, No. 25-14607, the Court finds the facts asserted in the Petition establish Petitioner's detention is authorized only by 8 U.S.C. § 1226(a), and not § 1225(b)(2).

---

[2] This Court is not required to defer to the BIA's interpretation of § 1225 because "[w]hen the meaning of a statute [is] at issue, the judicial role [is] to 'interpret the act of Congress, in order to ascertain the rights of the parties.'" *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024) (quoting *Decatur v. Paulding*, 39 U.S. 497, 503 (1840)).

4

Accordingly, and for good cause appearing,

**IT IS** on this 21st day of November 2025,

**ORDERED** that the Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall treat Petitioner as detained under 28 U.S.C. § 1226(a); and it is further

**ORDERED** that Petitioner's Motion to Compel her Return to New Jersey (ECF No. 5) is **GRANTED**; and it is further

**ORDERED** that, as soon as practicable but <u>**no later than 5 days from the date of this Order**</u>, Respondents **SHALL RETURN PETITIONER TO NEW JERSEY**; and it is further

**ORDERED** that, as soon as practicable but <u>**no later than 7 days from the date of Petitioner's return to New Jersey**</u>, Respondents shall provide Petitioner with an individualized bond hearing in accordance with 8 U.S.C. § 1226(a) before an immigration judge who shall assess whether she presents a flight risk or a danger to the community; and it is further

**ORDERED** within <u>**72 hours**</u> of Petitioner's return to New Jersey, Respondents shall update the Court in writing regarding the status of scheduling Petitioner's individualized bond hearing; and it is further

**ORDERED** within <u>**3 business days**</u> of that bond hearing, Respondents shall file a written notice of the outcome of that proceeding with the Court; and it is finally

**ORDERED** the Clerk of Court shall serve a copy of this Order and the accompanying Opinion upon the parties electronically.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**
